**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**SAM SLOAN; NEIL V. GRIMALDI;**
**NEREIDA NARVEAZ; VENIADA QUINONES;**
**MILLIE QUINONES; TIARA LAWRENCE; and**
**TRINA JACKSON,**

                          **Plaintiffs,**

      **vs.**                                                **1:14-cv-01071**
                                                             **(MAD/CFH)**
**NEW YORK STATE BOARD OF ELECTIONS,**
**Commissioners Douglas A. Kellner, Andrew Spano,**
**James A. Walsh, Gregory P. Peterson; ERIC T.**
**SCHNEIDERMAN, as Attorney General of the**
**State of New York,**

                          **Defendants.**

_____

**APPEARANCES:**                          **OF COUNSEL:**

**SAM SLOAN**
2860 Buhre Avenue
Suite 1E
New York, New York 10461
Plaintiff *pro se*

**NEIL V. GRIMALDI**
2860 Buhre Avenue
Suite 1E
New York, New York 10461
Plaintiff *pro se*

**NEREIDA NAREAZ**
1815 Davidson
Bronx, New York 10453
Plaintiff *pro se*

**VENIADA QUINONES**
1815 Davidson
Bronx, New York 10453
Plaintiff *pro se*

**MILLIE QUINONES**
1921 Jerome Avenue
Bronx, New York 10453
Plaintiff *pro se*

**TIARA LAWRENCE**
1921 Jerome Avenue
Bronx, New York 10453
Plaintiff *pro se*

**TRINA JACKSON**

**NEW YORK BOARD OF ELECTIONS**
40 North Pearl Street
Suite 5
Albany, New York 12207

**OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs commenced this action on August 29, 2014 and moved for a Order to Show

Cause seeking injunctive relief "directing The New York State Board of Elections to place Sam

Sloan on the ballot as a Democratic candidate for Government of New York State, Nenad Bach as

Candidate for Lieutenant Governor of New York State, Geeta Rankoth as Candidate for

Comptroller of New York State and Neil V. Grimaldi as Candidate for Attorney General of New

York State in the Democratic Primary to be held on September 9, 2014." Dkt. No. 1 at ¶ 1.

Currently before the Court is Plaintiffs' motion for a preliminary injunction and

Defendants' opposition thereto. *See* Dkt. Nos. 4 and 8.

## II. BACKGROUND

The New York State Board of Elections received a designating petition purporting to

designate Plaintiff Sam Sloan as a candidate of the Democratic Party for the office of Governor of

the State of New York, Plaintiff Nenad Bach as a candidate of the Democratic Party for the office

of Lieutenant Governor of the State of New York, Plaintiff Neil V. Grimaldi a candidate of the

Democratic Party for the office of New York State Attorney General, and Plaintiff Geeta Rankoth

a candidate of the Democratic Party for the office of New York State Comptroller. *See* Dkt. No. 8

at ¶ 3.

Subsequently, General Objections and Specifications of Objections were filed by three

different objectors with respect to the petition for Plaintiff Grimaldi. *See id.* at ¶ 4. One objector

stated that the candidate claimed 5,113 signatures and that the actual number of valid signatures

was zero. *See id.* at ¶ 5. The second objector claimed that the petition contained 4,476

signatures, far short of the 15,000 needed. *See id.* at ¶ 6. The third objector claimed that the

petition does not contain the minimum number of signatures required and fails to contain

signatures from one half of the congressional districts in the state as required. *See id.* at ¶ 7.

Additionally, General Objections and Specifications of Objections were filed by two

objectors with respect to the petition for Geeta Rankoth. *See id.* at ¶ 8. Both objectors claimed

that the petition fails to contain the minimum number of signatures required, that the candidate

does not meet the age requirement to hold the office, and that the candidate is not an enrolled

member of the Democratic Party. *See id.* at ¶ 9.

On August 1, 2014, the Commissioners of the New York State Board of Elections met, at

which time they determined that 4,087 signatures were filed and, therefore, the petition did not

contain the 15,000 signatures required to secure the designations in question. *See id.* at ¶ 10. The

Board of Elections also determined that Plaintiff Rankoth did not meet the age requirement to

hold the office of New York State Comptroller. *See id.* at ¶ 11.  By a unanimous vote, the Board

of Elections found that the petitions for all four candidates were invalid. *See id.* at ¶ 12.

Thereafter, Plaintiff Grimaldi commenced a special proceeding in the New York State

Supreme Court to validate the petition with respect to Sam Sloan, Nenad Bach and Geeta

Rankoth, and to substitute another person for Geeta Rankoth. *See id.* at ¶ 13.  The relief

requested did not include an application to validate the petition with respect to Plaintiff Grimaldi.

*See id.* at ¶ 14.  The Supreme Court held a hearing on August 11, 2014 and Plaintiff Grimaldi

sought to add himself as a party. *See id.* at ¶¶ 15-16.  After the hearing, Plaintiff Grimaldi's

request was rejected and, by decision order dated August 12, 2014, Judge Ceresia denied the

requested relief. *See id.* at ¶¶ 16-17; *see also* Dkt. No. 8-2.

Thereafter, Plaintiffs appealed to the New York Supreme Court, Appellate Division, Third

Department, which affirmed the trial court's decision. *See id.* at ¶¶ 18-19; *see also* Dkt. No. 8-3.

In its decision, the Appellate Division cited to precedents from the New York Court of Appeals in

addressing Plaintiffs' failure to name and serve the individuals who objected to Plaintiff Rankoth's

petition and held that such a failure constitutes a jurisdictional defect. *See Sloan v. Kellner*, ___

N.Y.S. 2d ___, 2014 WL 4099330, *1 (3d Dep't 2014) (citations omitted).  The Appellate

Division also rejected Plaintiffs' argument that the State Board of Elections' composition is

unconstitutional because it violates the Equal Protection Clause's requirement of "one person, one

vote." *Id.*  The court held that "the underlying principle of one vote per person does not apply to

an appointive board, especially where it is charged with administrative duties." *Id.* (citing

*Rosenthal v. Board of Educ. of Cent. School Dist. No. 3 of Town of Hempstead*, 497 F.2d 726, 729

(2d Cir. 1974); *Hadley v. Junior College Dist. of Metropolitan Kansas City*, 397 U.S. 50, 54

(1970); *Sailors v. Board of Educ. of County of Kent*, 387 U.S. 105, 111 (1967)) (other citation

omitted).  The court also rejected Plaintiffs' due process arguments and their argument that the

designating petition signers' rights were violated by the Board of Elections' actions. *See id.*

Finally, the Appellate Division held that the Supreme Court correctly determined that the State

Board of Elections was free to perform a facial review of the petitions to determine if they are "in

proper form and appear to bear the requisite number of signatures," which they did not. *See id.*

Plaintiffs sought leave to appeal to the New York Court of Appeals. Oral argument was

heard on that application and, on August 27, 2014, the Court of Appeals denied leave to appeal.

*See* Dkt. No. 8-4.

On August 29, 2014, Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983,

alleging violations of their First Amendment right to political association and Fourteenth

Amendment right to due process and equal protection of law. *See* Dkt. No. 1.

### III. DISCUSSION

Under the federal framework, injunctive relief is "an extraordinary remedy never awarded

as of right." *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982). In the Second Circuit, a

movant for injunctive relief must show "(a) irreparable harm and (b) either (1) likelihood of

success on the merits or (2) sufficiently serious questions going to the merits to make them a fair

ground for litigation and a balance of hardships tipping decidedly toward the party requesting the

preliminary relief." *Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir. 1994) (citing *Jackson Dairy,

Inc. v. H.P.Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1970)).

"The *Rooker-Feldman* doctrine provides that the lower federal courts lack subject matter

jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or

modification of a state court judgment." *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.

1998) (citation omitted). "Such jurisdiction is lacking because within the federal system, only the

Supreme Court may review a state court judgment." *Id.*

In *Exxon Mobil*, the Supreme Court held that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  In light of *Exxon Mobile*, the Second Circuit has held that "there are four 'requirements' that must be met before the *Rooker-Feldman* doctrine applies."  *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (citation omitted).

> "First, the federal court plaintiff must have lost in state court.
> Second, the plaintiff must 'complain[ ] of injuries caused by [a]
> state-court judgment [.]'  Third, the plaintiff must 'invite district
> court review and rejection of [that] judgment[ ].'  Fourth, the state-
> court judgment must have been 'rendered before the district court
> proceedings commenced' - i.e., *Rooker-Feldman* has no application
> to federal-court suits proceeding in parallel with ongoing state-court
> litigation."

*Green*, 585 F.3d at 101 (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).  "The first and fourth requirements 'may be loosely termed procedural,' while the second and third requirements 'may be termed substantive.'"  *Id.*

In *Fischer v. Suffolk County Bd. of Elections*, No. 08–CV-4171, 2009 WL 2524859 (E.D.N.Y. Aug. 14, 2009), the plaintiff was a Democratic Party candidate for New York State Senate.  *See id.* at \*1.  The plaintiff was not endorsed by the Democratic Party and instead sought to run by obtaining the requisite one thousand signatures from residents within his district.  *See id.*  After objections were filed, the Board of Elections determined that 620 of the signatures the plaintiff had obtained were invalid, leaving only 855 valid, which was short of the required 1,000.  *See id.*  Thereafter, the plaintiff initiated a proceeding in the New York State Supreme Court to validate his signatures.  *See id.*  The state court dismissed the proceeding on procedural grounds

6

because the plaintiff failed to specify how the Board of Elections erred in invalidating the

petition. *See id.* Further, the state court also sustained the Board of Elections' determination on

substantive grounds, and found that it had properly invalidated a portion of the signatures. *See id.*

After the Appellate Division affirmed the trial court's decision, the plaintiff brought suit in federal

court seeking immediate injunctive relief to restore his name on the ballot for the upcoming

election. *See id.* Denying injunctive relief and dismissing the complaint, the district court found

that the suit was barred by the *Rooker-Feldman* doctrine and issue preclusion. *See id.* at \*3-\*4.

     As in *Fischer*, in the present matter, the Court finds that Plaintiffs have failed to establish

that they are likely to succeed on the merits. As discussed, Plaintiffs lost in state court and

complain of injuries caused by a state court judgment. Additionally, Plaintiffs clearly invite the

Court to review and reject the state court's judgment, which already rejected all of the arguments

currently before the Court. Finally, Plaintiffs commenced this action after the New York Court of

Appeals denied their application for leave to appeal. In fact, the attachments to Plaintiffs' motion

for injunctive relief include the following: (1) the August 21, 2014 decision of the Appellate

Division, Third Department; (2) Plaintiffs' reply brief submitted to the Supreme Court, Albany

County; (3) Plaintiffs' "Letter and Motion for Leave to Appeal to the Court of Appeals;" (4)

Plaintiffs' brief on appeal to the Appellate Division, Third Department; and (5) the Record on

Appeal submitted to the Appellate Division. *See* Dkt. Nos. 4-1, 4-2, 4-3, 4-4, and 4-5.

     Additionally, the Court finds that, even if the *Rooker-Feldman* doctrine did not apply to

Plaintiffs' claims, the instant action would still be precluded by issue preclusion. The issue

preclusion doctrine is properly invoked when a valid and final judgment has already determined a

specific issue of law or fact. *Fischer*, 2009 WL 2524859, at \*4. "Federal courts must give the

same preclusive effect to a New York court's judgment that [state] courts would give it." *Wolff v.*

*City of N.Y. Fin. Servs. Agency*, 939 F. Supp. 258, 264–65 (S.D.N.Y. 1996) (citing *Migra v.*

*Warren City Sch. Dist.*, 465 U.S. 75, 83, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984)).  New York

courts apply the doctrine when (1) an issue was "necessarily decided in the prior proceeding and

is decisive in the present action, and (2) the party against whom the estoppel is raised had a full

and fair opportunity to litigate the issue in the prior proceeding."  *Wolff*, 939 F. Supp. at 264–65

(citing *Murphy v. Gallagher*, 761 F.2d 878, 881 (2d Cir. 1985) (citations omitted)).

Here, all of the issues regarding the candidate Plaintiffs were clearly decided in the prior

proceeding and Plaintiffs had a full and fair opportunity to litigate the issues in the state court

proceedings.  The Albany County Supreme Court and Appellate Divisions rejected all of the

arguments Plaintiffs presented.

In their reply affirmation, Plaintiffs argue that this case involves the rights of five voters,

who were not Plaintiffs in the state court case; and, therefore, the state court case *Rooker-*

*Feldman* and issue preclusion cannot act to bar these claims.  *See* Dkt. No. 9 at ¶ 2.  Although

Plaintiffs are correct that these doctrines do not apply to the claims of the non-candidate

Plaintiffs, the outcome is the same.  The information before the Court shows that Defendants

complied with the Election Law in invalidating the petitions at issue.  *See* N.Y. Elec. Law § 6-

154.  As such, all Plaintiffs, voters and candidates alike, have failed to state a cause of action

under the Fourteenth Amendment.  *See Thomas v. N.Y.C. Bd. of Elections*, 898 F. Supp. 2d 594,

599 (S.D.N.Y. 2012) (finding no due process violation for the voter plaintiffs when the Board of

Elections complied with the state law and the candidates had the available judicial remedy under

Article 16 of the Election Law) (citing *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458,

468 (2d Cir. 2006)).  Additionally, to the extent that Plaintiffs are claiming that the Election Law

at issue is unconstitutional, other courts have already upheld its constitutionality against similar

challenges.  *See, e.g., Queens County Republican Comm. ex rel. Maltese v. New York State Bd. of*

8

*Elections*, 222 F. Supp. 2d 341, 349-51 (E.D.N.Y. 2002) (finding that sections 6-154 and 16-102 did not violate the plaintiffs' rights under the First Amendment).

Based on the foregoing, the Court finds that Plaintiffs have failed to establish that they are likely to succeed on the merits of their claims; and, therefore, Plaintiffs' motion for injunctive relief is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for injunctive relief is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 8, 2014
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

9