**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

SAM SLOAN, ET AL.,

                              Plaintiffs,

          v.

NEW YORK STATE BOARD OF ELECTIONS,
ET AL.

                             Defendants.

-----------------------------------------------------------------

1:14-CV-1071
(MAD/CFH)

**APPEARANCES:**

**SAM SLOAN**
2860 Buhre Avenue, Ste. 1E
New York, New York 10461
Plaintiff Pro Se

**NEIL A. GRIMALDI**
2860 Buhre Avenue, Ste. 1E
New York, New York 10461
Plaintiff Pro Se

**NEREIDA NAREAZ**
1815 Davison
Bronx, New York 10453
Plaintiff Pro Se

**VENIADA QUINONES**
1815 Davidson
Bronx, New York 10453
Plaintiff Pro Se

**MILLIE QUINONES**
1921 Jerome Avenue
Bronx, New York 10453
Plaintiff Pro Se

**TIARA LAWRENCE**
1921 Jerome Avenue
Bronx, New York 10453

Plaintiff Pro se

**TRINA JACKSON**
1921 Jerome Avenue
Bronx, New York 10453
Plaintiff Pro se

| | |
|---|---|
| **NEW YORK STATE BOARD OF ELECTIONS** | KATHLEEN O'KEEFE, ESQ. |

Office of Special Counsel
40 North Pearl Street, Ste. 5
Albany, New York 12207
Attorneys for Defendants Kellner,
      Spano, Walsh, and Peterson

| | |
|---|---|
| **HON. ERIC T. SCHNEIDERMAN** | DAVID FRUCHTER, ESQ. |

Office of the New York State
      Attorney General
The Capitol
Albany, New York 12224

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

Plaintiffs commenced this action on August 29, 2014 and moved by Order to

Show Cause seeking injunctive relief "directing the New York State Board of Elections

to place Sam Sloan on the ballot as a Democratic Candidate for Governor of New York

State, Nenad Bach as Candidate for Lieutenant Governor of New York State, Geeta

Rankoth as Candidate for Comptroller of New York State and Neil V. Grimaldi as

Candidate for Attorney General of New York State in the Democratic Primary to be held

on September 9, 2014." Dkt. No. 1 at ¶1, ("Compl."). On August 29, 2014, summonses

were issued as to the defendants New York State Board of Elections and Eric T.

Schneiderman. Dkt. No. 3. There is no indication that plaintiffs have served process

on any of the defendants. Dkt. No. 16.

On May 26, 2015, the Court issued a Text Order which, among other things, extended plaintiffs' time in which to effectuate service until June 23, 2015. Dkt. No. 18. The Order further indicated that the failure to effectuate service of process by June 23, 2015 would result in the issuance of a decision dismissing this matter without prejudice. Dkt. No. 18.

On October 26, 2015, the undersigned issued an Order to Show Cause requiring plaintiffs "to explain why an Order should not be made dismissing the above-captioned action against all defendants for failure to serve and file proof of service in this action as directed by this Court." Dkt. No. 19. An on-the-record conference was conducted in person on October 26, 2015. Plaintiffs failed to appear at that conference.

Under the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the plaintiff is responsible for service of the summons and complaint for each defendant within a specified time period. FED. R. CIV. P. 4(c)(1). Specifically, "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).[1]

Here, summonses were issued for defendants New York State Board of Elections and Eric T. Schneiderman on August 29, 2014. Dkt. No. 3. There is no indication that plaintiffs have served process on either New York State Board of Elections or Eric T. Schneiderman. Dkt. Nos. 16, 18. As noted, plaintiffs failed to

---

[1] The Local Rules of the Northern District of New York further provide that service of process must be completed within sixty (60) days of the filing of the complaint. See N.D.N.Y. L.R. 4.1(b). "This expedited service requirement is necessary to ensure adequate time for pretrial discovery and motion practice." Id. "In no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4." Id.

respond to this Court's Order of May 26, 2015 which extended plaintiffs' time to serve defendants until June 23, 2015. Dkt. No. 18. Plaintiffs further failed to respond to this Court's Order to Show Cause dated October 26, 2015 which gave plaintiffs an opportunity to explain why they failed to effectuate service on defendants.

Accordingly, for these reasons, as well as those stated on the record during the November 9, 2015 conference which are incorporated herein,

it is **HEREBY**

**RECOMMENDED**, that this matter be dismissed without prejudice due to plaintiffs' failure to serve the complaint on defendants within the time period specified by the Federal Rules of Civil Procedure, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on the parties to this action in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**IT IS SO ORDERED.**

Dated: November 16, 2015
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge