**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

SAM SLOAN; NEIL V. GRIMALDI;
NEREIDA NARVEAZ; VENIADA QUINONES;
MILLIE QUINONES; TIARA LAWRENCE; and
TRINA JACKSON,

      **Plaintiffs,**

 vs.             1:14-cv-01071
                 (MAD/CFH)
**NEW YORK STATE BOARD OF ELECTIONS,**
Commissioners Douglas A. Kellner, Andrew Spano,
James A. Walsh, Gregory P. Peterson; **ERIC T.
SCHNEIDERMAN,** as Attorney General of the
State of New York,

      **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**SAM SLOAN**
2860 Buhre Avenue
Suite 1E
New York, New York 10461
Plaintiff _pro se_

**NEIL V. GRIMALDI**
2860 Buhre Avenue
Suite 1E
New York, New York 10461
Plaintiff _pro se_

**NEREIDA NAREAZ**
1815 Davidson
Bronx, New York 10453
Plaintiff _pro se_

**VENIADA QUINONES**
1815 Davidson
Bronx, New York 10453
Plaintiff _pro se_

**MILLIE QUINONES**
1921 Jerome Avenue
Bronx, New York 10453
Plaintiff *pro se*

**TIARA LAWRENCE**
1921 Jerome Avenue
Bronx, New York 10453
Plaintiff *pro se*

**TRINA JACKSON**

**NEW YORK BOARD OF ELECTIONS**
40 North Pearl Street
Suite 5
Albany, New York 12207

**OFFICE OF THE NEW YORK**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

Plaintiffs commenced this action by Order to Show Cause on August 29, 2014 seeking injunctive relief "directing The New York State Board of Elections to place Sam Sloan on the ballot as a Democratic candidate for Government of New York State, Nenad Bach as Candidate for Lieutenant Governor of New York State, Geeta Rankoth as Candidate for Comptroller of New York State and Neil V. Grimaldi as Candidate for Attorney General of New York State in the Democratic Primary to be held on September 9, 2014." Dkt. No. 1 at ¶ 1. Summonses were issued on August 29, 2014 as to Defendants New York State Board of Elections and Eric T. Schneiderman. *See* Dkt. No. 3. Nothing in the record indicates that Plaintiffs have served process on any of the Defendants. *See* Dkt. No. 16.

On May 26, 2015, the Court issued a text order extending Plaintiffs' time to effectuate service until June 23, 2015 and warning Plaintiffs' that failure to effectuate service by that date would result in this case being dismissed without prejudice. *See* Dkt. No. 18. On October 26, 2015, Magistrate Judge Hummel issued an Order to Show Cause requiring Plaintiffs to "explain why an Order should not be made dismissing [this] action against all defendants for failure to serve and file proof of service in this action as directed by this Court." Dkt. No. 19. Plaintiffs failed to appear for the November 9, 2015 show-cause hearing. Currently before the Court is Magistrate Judge Hummel's Report-Recommendation and Order recommending that the Court dismiss this case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See* Dkt. No. 21.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice

3

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully considering Magistrate Judge Hummel's November 16, 2015 Report-Recommendation and Order, the Court finds that Magistrate Judge Hummel correctly determined that the Court should dismiss this action without prejudice. The record before the Court makes clear that, although summonses were issued for Defendants New York State Board of Elections and Eric T. Schneiderman on August 29, 2014, none of the Defendants have been served in this matter. The Court granted Plaintiffs an extension of time to effect service and warned Plaintiffs that this action would be dismissed should they fail to serve Defendants. Having failed to provide proof of service as to any of the named Defendants and having failed to respond to the October 26, 2015 Order to Show Cause, dismissal without prejudice is the only appropriate outcome.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's November 16, 2015 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that this matter is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 14, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge